UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


BRANDON L. MORGAN,

       Petitioner,

v.                               3:06-cv-283


STATE OF TENNESSEE,

       Respondent.


## MEMORANDUM OPINION


This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk is **DIRECTED** to serve a copy of the petition and this Memorandum Opinion and accompanying Judgment Order on the respondent and the Attorney General of the State of Tennessee. However, for the reasons stated below, the respondent shall not be required to file an answer or other pleading to the petition and this petition will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

Petitioner challenges his conviction for five counts of child rape entered in the Criminal Court for Jefferson County, Tennessee, on April 10, 2006. He claims that his guilty plea was not voluntary, that his conviction was obtained by use of a coerced confession and by a violation of the privilege against self-incrimination, and that he received ineffective assistance of counsel.

A petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his or her available state court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each claim set forth in the federal habeas corpus petition must have first been presented to the state courts. *Picard v. Connor*, 404 U.S. 270 (1971). *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987) (Exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review.").

Petitioner submitted his habeas corpus petition less than three months after his conviction. According to petitioner, he did not appeal the conviction nor has he filed a post-conviction petition. It is clear from the petition that petitioner has not exhausted his state court remedies. Accordingly, the petition for the writ of habeas corpus will be **DENIED** and this action **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

        s/ Leon Jordan       
United States District Judge
